## HOHMAN v. STATE.

No. 17069—Opinion Filed Nov. 9, 1926.

(Syllabus.)

Corporation Commission—Contempt—Jurisdiction of Cotton Gins—Applicant for Permit Making Preparations for Building Prior to Issuance of Permit not in Contempt.

Section 2 of chapter 191, Session Laws 1923, delegates to the Corporation Commission of the state the power to determine when a ginnery is a needed utility in any particular community and whether the corporation, company, firm, or individual seeking to construct and operate such utility is competent and desirable for that purpose. When a corporation, company, firm, or individual makes application to said Commission with the view of having said Commission determine favorably its application to construct and install such utility, the mere fact that, pending the determination of said application, preliminary steps are taken with the view of erecting such plant, the completion being conditioned on the application being granted, is not such a violation of the statute or of the orders and rules in carrying out the jurisdiction thus given the Commission as would warrant holding the applicant in contempt when it clearly appears that no plant was actually constructed or installed.

Appeal from Corporation Commission.

From order of Corporation Commission adjudging A. Hohman in contempt, he appeals. Reversed.

S. P. Freeling and J. I. Howard, for plaintiff in error.

E. S. Ratliff and Lydick & McPherren, for defendant in error.

BRANSON, V. C. J. This is an appeal from the Corporation Commission. An order was issued by said Commission the 24th day of June, 1925, finding and adjudging that the appellant, A. Hohman, was guilty of contempt, or rather, guilty of a violation of rule 2, order No. 2657, of said Commission. The Commission further found and adjudged that a fine of $250 and costs be assessed against the appellant as punishment therefor. Rule 2 of the Corporation Commission, for the violation of which the defendant was adjudged in contempt, reads:

"No gin plants shall be constructed, installed or licensed, or any old gin removed from one point to another, unless satisfactory showing shall have been made to the Corporation Commission, setting forth that such gin is a needed utility and that the proposed corporation, company, firm or individual is a competent and desirable corporation, company, firm or individual to establish and operate said gin as may appear in the discretion of said Commission. The Commission shall have the right to take into consideration the responsibility and reliability and qualifications, as the capacity of the person or persons or corporation to do such ginning business as to afford all reasonable facilities, conveniences and services to the public, and shall have the power and authority to require such facilities, conveniences and service to be afforded the public."

The order and rule of the Corporation Commission is based upon the authority delegated to said Commission by section 2, chapter 191, page 341, Session Laws 1923. This statute provides:

"No new gin plant shall be constructed, installed or licensed, or any old gin removed from one point to another until satisfactory showing shall have been made to the Corporation Commission setting forth that such gin is a needed utility, and that the proposed corporation, company, firm or individual is a competent and desirable corporation, company, firm or individual to establish and operate said gin as may appear in the discretion of said Commission."

It will be noted that rule 2, with the violation of which the appellant was charged, uses in part the same language of the statute itself, in that it provides that:

"No new gin plants shall be constructed, installed or licensed * * * unless satisfactory showing shall have been made to the Corporation Commission," etc.

The complaint on which the hearing here-in was had as to the alleged violation of this rule was filed by one of the state gin inspectors of the cotton gin department of the Corporation Commission.

While it is true that the finding and conclusions of the Corporation Commission are prima facie correct and are taken by this court as such, but on appeal it is clear that under the Constitution and statutes of this state this court is not only vested with authority to do so, but it is its duty to ascertain from the record on which the judgment of the Commission was based in a case such as presented here whether or not the purpose, intent, and spirit of the statute and the rules of the Corporation Commission were violated. All of the evidence in this case on the question of the violation by the appellant of the rule involved resolves itself into this and nothing more, that the appellant had made application to the Corporation Commission for a permit or a license to construct, install, and operate a ginnery in the town of Lone Wolf. Pending the action on his application and believing that it would be granted (and there is nothing to show that he did not believe so in good faith), he had ordered some gin machinery which was to be shipped on condition that his application was sustained by the Corporation Commission. In the meantime he had hauled or caused to be hauled upon the proposed location of the ginnery the building material, such as lumber, sand, gravel, etc., and a foundation had been laid which, as disclosed by the evidence, was such a foundation as is ordinarily used to support a plant such as the appellant expected to erect. But the evidence fails to show that the appellant went any further, and when his application was denied, no further steps were taken to erect the gin plant, and no plant was in fact erected. There is some evidence in the record that he made the statement that he was going to erect a plant there whether the Corporation Commission gave him permission to do so or not. This he denied. But, irrespective of whether he made this statement, there certainly was no gin plant erected within the meaning of the statute or the rule; there was none placed in shape for operation, and we fail to see where there was any infraction of the purpose and intent of either the statute or the order and rules of the Corporation Commission in furtherance thereof which would warrant finding that the appellant was guilty of violating the rule and in contempt of the order of the Commission.

Concluding as we do on the evidence in this matter, a discussion of the other propo-

sition raised is rendered unnecessary. The judgment of the Corporation Commission is reversed, with direction to dismiss the complaint.

NICHOLSON, C. J., and MASON, HARRISON, PHELPS. LESTER, CLARK, and RILEY, JJ., concur.

Note—See under (1) 2 C. J. p. 988, §2 (Anno).